UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PUFFY SMOKE SHOP #2, INC, et al.,<br><br>        Defendants. | Case No. 22-cv-07099-SVK<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION FOR ORDER FOR PUBLICATION OF SUMMONS; ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 26 |

Before the Court is Plaintiff GS Holistic, LLC's ("Plaintiff") motion for leave to serve Defendant Elian Hanna ("Hanna") by publication. Dkt. 26. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for decision without oral argument. After reviewing the motion and the relevant law and for the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to permit service by publication.

I.  **BACKGROUND**

The Court only recounts those facts relevant to disposition of the motion here. On November 11, 2022, Plaintiff filed the instant complaint alleging trademark infringement and false designation of origin and unfair competition against Puffy Smoke Shop #2, Inc. d/b/a Puffy Smoke Shop, Elian Hanna, and Simon Maida. Dkt. 1. Summons were issued as to the individual defendants Elian Hanna and Simon Maida on December 12, 2022. Dkt. 8. On February 9, 2023, Plaintiff sought a 60-day extension to effect service on all Defendants. Dkt. 12. The Court granted Plaintiff a 45-day extension. Dkt. 14. Plaintiff subsequently made two attempts to serve Defendant Hanna at Puffy Smoke Shop in Salinas, California on February 12, 2023 and February

14, 2023. Dkt. 26-3 (Ex. B to Motion for Leave to Serve by Publication); Dkt. 16. During the first service attempt, an individual working at the shop provided the process server with an additional address for Defendant Hanna in Salinas. Dkt. 26-3. During the second attempt, one Puffy Smoke Shop employee who self-identified as the person in charge, informed the process server that Defendant Hanna "resides" at the shop but was unavailable. *Id*. The "boss" of the "person in charge" appeared at the shop roughly ten minutes later and informed the process server that Defendant Hanna is "out of States[.]" *Id*. On April 8, 2023, Plaintiff sought a further 60-day extension to effect service on the individual defendants, representing that "Plaintiff is now taking steps to locate another address to serve the Defendants and will attempt service at a different address[.]" Dkt. 18 at ¶ 6. The Court granted the motion in part, allowing Plaintiff until May 10, 2023, to effect service on the individual defendants or to seek leave of Court to serve them by publication. Dkt. 19. Plaintiff waited until the evening of the Court's deadline, May 10, 2023, to again attempt service on Defendant Hanna at Puffy Smoke Shop. Dkt. 26-2 (Ex. A to Motion for Leave to Serve by Publication). The process server encountered an employee there who informed him that Defendant Hanna had moved. *Id*. At no point did Plaintiff attempt to serve Defendant Hanna at the additional address the employee of Puffy Smoke Shop provided to the process server during the first service attempt. Dkts. 26-2, 26-3.

**II.     LEGAL STANDARD**

Service of a complaint is governed by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(e)(1) permits service by "following state law for serving a summons in an action brought in courts general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California Code of Civil Procedure § 415.50 provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that ... [a] cause of action exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the part or his agent or

attorney." *Watts v. Crawford*, 10 Cal.4th 743, 745 (1995). Service by publication should be allowed only "as a last resort." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). A summons by publication must be published in a named newspaper that is most likely to give actual notice of the action to the party to be served. Cal. Civ. Proc. Code § 415.50(b). Accordingly, if the requirements set forth in § 415.50 are met in this case, Plaintiff may use the method of service described in § 415.50 under Rule 4(e)(1). "If a defendant's address is ascertainable, a method of service superior to publication must be employed," such as mail or substitute service. *Watts v. Crawford,* 10 Cal. 4th 743, 749 (1995).

### III. DISCUSSION

The Court concludes that neither factor is satisfied here. As a preliminary matter, the Court notes that Plaintiff's "motion" fails to address the relevant standard for service by publication entirely and appears to be a declaration rather than a motion. *See* Dkt. 26. Turning to the first factor, the Court is not persuaded that GS Holistic has shown reasonable diligence in attempting to serve Defendant Hanna. When assessing whether a plaintiff has demonstrated "reasonable diligence," the court examines whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel*, 87 Cal. App. at 333. The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996) (quoting Cal. Judicial Council com., 14 West's Ann. Code Civ. Proc. § 415.50, pp. 561-63 (1973 ed.)). First, despite two extensions stretching over several months, Plaintiff has made only three attempts to serve Hanna. Dkts. 26-2, 26-3. Each service attempt was made at the same location, Puffy Smoke Shop, without success, and Plaintiff never investigated the alternative address the Puffy Smoke Shop employee identified for Hanna during the first service attempt. Dkt. 26-3. Second, Plaintiff fails to provide any evidence of the steps it has taken to identify alternative addresses for Defendant Hanna. The Court granted Plaintiff a second extension based on Plaintiff's representations that it was "taking steps to locate another address to serve the Defendants and will attempt service at a different address." Dkt. 18 at ¶ 6.

1  Yet, Plaintiff apparently made no further effort to serve Defendant Hanna until the day of the
2  Court's deadline for filing the instant motion when Plaintiff again sought to serve Hanna at Puffy
3  Smoke Shop. Dkt. 26-2. Nor has Plaintiff produced evidence of any business and property record
4  searches it performed, social media platform searches it ran, investigation of the voter's register,
5  or review of city and telephone directories it conducted. *Price v. Thomas,* No. 21-cv-6370, 2021
6  WL 5564795, at *3 (N.D. Cal. Nov. 29, 2021) (making numerous unsuccessful attempts to serve a
7  defendant at an undisclosed location and being informed that the defendant does not reside at the
8  address any longer, did not alone meet the standard of reasonable diligence). Further, Plaintiff has
9  not shown that it has exhausted other ways to locate Defendant Hanna, that it made any additional
10 attempts to gather more information about Hanna's whereabouts, or that it even tried to confirm
11 Hanna's place of residence. *See Castillo-Antonio v. Azurdia*, No. 13-cv-05709, 2014 WL
12 4060219, at *3 (N.D. Cal. Aug. 14, 2014) (attempted personal service four times over four days
13 and sent "packages" via first class and certified mail to one address, did not exhaust the "myriad
14 other options available" required for a finding of reasonable diligence, such as "searching phone
15 books, online people search tools, voter registries, or other common sources of information, or by
16 hiring a private investigator"). Finally, Plaintiff failed to take the "step which patently appeared to
17 hold the most promise for locating" Hanna, which in this case would include contacting Hanna's
18 codefendant and alleged co-owner, Simon Maida, who has been served, for Hanna's contact
19 information. *Id.* at *3; *see also* Compl. at 1; Dkt. 21.
20     By contrast, courts in this district have found that expansive efforts to locate a defendant
21 evidence "reasonable diligence" under Section 415.50. *See, e.g.*, *Hernandez v. City of San Jose*,
22 No. 16-cv-3957 , 2016 WL 6582048, at *2 (N.D. Cal. Nov. 7, 2016) (finding requests for
23 information from Santa Clara County Probation Department, searches of social media platforms
24 and voter registration portal, and at least four attempts at service at two different addresses
25 adequate); *Macias v. Fasail*, No. 19-cv-728, 2020 WL 2542028, at *3-4 (N.D. Cal. May 19, 2020)
26 (finding upwards of 19 service attempts at multiple locations adequate). Here, Plaintiff's
27 supporting materials simply do not demonstrate that Plaintiff has made a "thorough but
28

1   unsuccessful search for the defendant," as required by Section 415.50.  Judicial Council Comment
2   to Cal. Civ. Proc. Code § 415.50.
3       Even assuming, arguendo, that Plaintiff had been reasonably diligent, the Court still would
4   deny Plaintiff's motion for failure to identify a newspaper in which it proposes to publish the
5   summons.  The Court must order "the summons to be published in a named newspaper, published
6   in this state, that is most likely to give actual notice to the party to be served." Cal. Civ. Proc. Code
7   § 415.50(b). Without this information, the Court is unable to determine whether the intended
8   newspaper is the one most likely to give actual notice of the action to Defendant Hanna.  *See* Cal.
9   Civ. Proc. Code § 415.50(b); Cal. Gov't Code § 6064; *Bd. of Trustees for Laborers Health &*
10  *Welfare Tr. Fund for N. California v. P & J Util. Co.,* No. 21-cv-01075, 2022 WL 1529408, at *2
11  (N.D. Cal. Apr. 27, 2022) (mere absence of a specified newspaper's inclusion constitutes a
12  procedural flaw and can serve as sufficient grounds for denying the motion); *Shaw v. Brazell*, No.
13  19-cv-8103, 2020 WL 1450728, at *3 (N.D. Cal. Mar. 25, 2020) (add parenthetical).
14      Nor has Plaintiff satisfied the second requirement under Section 415.50.  A plaintiff
15  seeking to serve a summons by publication must demonstrate "upon affidavit" that "[a] cause of
16  action exists against the party upon whom service is to be made or he or she is a necessary or
17  proper party to the action."  Cal. Civ. Proc. Code § 415.50(a)(1).  The plaintiff "must offer
18  'independent evidentiary support, in the form of a sworn statement of facts, for the existence of a
19  cause of action against the defendant.'"  *Hernandez v. Srija, Inc.*, No. 19-cv-1813, 2019 WL
20  4417589, at *2 (N.D. Cal. Sept. 16, 2019) (quoting *Cummings v. Brantley Hale*, No. 15-cv-4723,
21  2016 WL 4762208, at *2 (N.D. Cal. Sept. 13, 2016)).  "The declaration must be signed by
22  someone with personal knowledge of the essential facts."  *Id.*  "Under California law, service by
23  publication is neither appropriate nor valid without such an affidavit."  *Cummings*, 2016 WL
24  4762208, at *3; *see also Rios v. Singh*, 65 Cal. App. 5th 871, 884 (2021) ("An application for an
25  order of publication must be accompanied by an affidavit stating facts from which the trial court
26  can draw the conclusion that the plaintiff has a cause of action against the defendant.").  Mr.
27  Leon's supporting affidavit addresses only the issue of reasonable diligence and therefore fails to
28  demonstrate that "[a] cause of action exists" against Defendant Hanna.

In sum, Plaintiff has not demonstrated that the "last resort" option of service by publication is warranted. Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for leave to serve Defendant Hanna by publication. Plaintiff shall re-file its motion for leave to serve by publication no later than **June 27, 2023**. The motion must address the issues identified in this Order.

### IV.   ORDER TO SHOW CAUSE

If Plaintiff fails to file a new motion for leave to serve by publication, then Plaintiff is **ORDERED TO SHOW CAUSE** in writing why the claims against Defendant Hanna should not be dismissed for failure to prosecute. Plaintiff's written response to this Order to Show Cause must be filed no later than **June 27, 2023**, 2023, and Plaintiff shall appear for a hearing on the Order on **July 11, 2023**.

### V.   CONCLUSION

For the reasons set forth above, Plaintiff's application to serve by publication is **DENIED WITHOUT PREJUDICE**. Plaintiff may re-file its motion for leave to serve by publication no later than **June 27, 2023**. If Plaintiff does not re-file its motion, Plaintiff shall respond to this Court's Order to Show cause in writing by **June 27, 2023**, and shall appear for a hearing on **July 11, 2023**. The Court advises Plaintiff that a failure to re-file its motion or to respond to the Order to Show Cause will result in the dismissal of Defendant Hanna without prejudice.

**SO ORDERED.**

Dated: June 6, 2023

_____
SUSAN VAN KEULEN
United States Magistrate Judge